Krupp, Peter B., J.
Plaintiffs Herbert and Ruth Taylor allege that after defendant Lynn Louise Taylor (“Ms. Taylor”) suffered a series of adverse rulings in her divorce proceeding with their son, Kenneth Taylor, Ms. Taylor hired a private investigator and together engaged from Florida in a series of internet postings designed to harm the plaintiffs, who live in Massachusetts, and damage their interests in their business, which is also based in Massachusetts.
This case came before the court on Defendant Lynn Louise Taylor’s Motion to Dismiss for Lack of Personal Jurisdiction (Docket #8) and Defendant Lynn Louise Taylor’s Motion to Decline Jurisdiction—Forum Non Conveniens (Docket #9). After hearing, both motions are DENIED.
As to the jurisdictional challenge, plaintiffs have alleged that the defendants posted false and defamatory information on the Internet with the intent to harm plaintiffs in Massachusetts both personally and in their Massachusetts-based business. Such factual allegations are sufficient to establish personal jurisdiction over Ms. Taylor even if she had never lived in or otherwise previously come to Massachusetts.[3] See Abiomed, Inc. v. Turnbull, 379 F.Sup.2d 90, 93-95 (D.Mass. 2005) (and cases cited). See also, e.g., Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 777 (1984) (“The tort of libel is generally held to occur wherever the offending material is circulated”). On the facts of this case, there are ample allegations to establish personal jurisdiction over Ms. Taylor. The acts in question were purposefully directed to Massachusetts, referenced individuals resident in Massachusetts and their company that is based in Massachusetts, and purported to be posted by a former employee with knowledge of the plaintiffs’ business practices. The postings were plainly intended to cause harm in Massachusetts.
*527 The court also sees no sufficient reason to dismiss the case on the grounds of forum non conveniens. Kearsarge Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 168-69 (1981). Most if not all of the non-party witnesses are in Massachusetts or the New England area. It would be anomalous if an alleged tortfeasor were able to inflict targeted harm through the Internet in another state, and then be able to seek refuge in the forum non conveniens doctrine to avoid having to face the music in the state in which the harmed parties, and the witnesses to that harm, reside.
The court finds that the allegations in paragraphs 4 and 5 of the Affidavit of Defendant, Lynn Louise Taylor, in Support of Motion to Decline Jurisdiction—Forum Non Conveniens (“Taylor Aff.”} to be a showing too slender and insufficient to demonstrate commonality or overlap of issues between the Florida litigation and the claims in this case.[4] Simply because the defamatory statements at issue in this case are evidence to show a course of conduct or common scheme or plan in the Florida case does not mean that this case is sufficiently similar to the one in Florida to be consolidated, even if the cases were at the same point in their respective litigation, which, from Ms. Taylor’s affidavit, they appear not to be. See Taylor Aff. ¶5.
For these reasons, it is ORDERED as follows:
ORDER
1. Defendant Lynn Louise Taylor’s Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.
2. Defendant Lynn Louise Taylor’s Motion to Decline Jurisdiction—Forum Non Conveniens is DENIED.

Plaintiffs argue that much of Ms. Taylor’s knowledge of the plaintiffs comes from her contacts with them in Massachusetts. Plaintiffs have not submitted an affidavit to put such facts before the court. The court does not rely on these representations. If true, however, they would bolster the plaintiffs’ opposition to the motion to dismiss.

Ms. Taylor does not attach any of the pleadings from the Florida litigation, and does not provide any information about what stage that litigation is in, or any indication of what is at issue in that case. From the Complaint, it appears the Florida litigation concerns different statements, targeting a different person, directed to readers in a different state (i.e. Florida, not Massachusetts), and inflicting different harm. See, e.g., Complaint and Jury Demand ¶12.